Kevin Koelbel, SBN 016599
LAW OFFICES OF KEVIN KOELBEL, P.C.
7303 W. Boston Street
Chandler, AZ 85226
(480) 705-7550
(480) 705-7503 Fax
kevin@koelbellaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie Roerink, a married woman,<br><br>Plaintiff,<br><br>v.<br><br>Yuma Regional Medical Center Employee Benefit Plan; Yuma Regional Medical Center in its capacity as Plan Administrator,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

For her claim against Defendant, Laurie Roerink alleges as follows:

### **JURISDICTION AND VENUE**

1.  Plaintiff Laurie Roerink ("Roerink") was a resident of Yuma, Arizona at all relevant times.

2.  The Yuma Regional Medical Center Employee Benefit Plan ("Plan") is a purported ERISA benefit plan established and maintained by Yuma Regional Medical Center ("YRMC") for the benefit of its employees. The Plan offered long-term disability ("LTD") benefits.

3.  YRMC is the Plan Administrator.

4.  The Plan does not confer discretionary authority on the Plan Administrator.

5.  The Plan is funded completely and solely through an insurance policy issued by Sun Life Assurance Company of Canada, U.S., ("Sun Life") and purchased through periodic payments by YRMC.

6. Sun Life is the claim administrator and a plan fiduciary as defined by ERISA.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132, and because the Plan and Sun Life have caused events to occur in Arizona out of which Roerink's claims arise.

8. This Court has jurisdiction over the subject matter of this action under ERISA 29 § 1132(a)(e), 28 U.S.C. § 1131 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

9. Venue is proper in this District under ERISA, 29 § 1132(e)(2); and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

10. YRMC provided certain employees with long-term disability insurance pursuant to the Plan and Sun Life's Policy.

11. At all times relevant, Roerink was an employee of YRMC, became a covered individual under the Plan and remained continuously employed.

12. Roerink qualified for the LTD Benefits under the Plan.

13. Under the terms of the Plan, YRMC promises and Sun Life becomes obligated to pay covered LTD insurance benefits to Roerink if, after the elimination period, she is unable to work at her own occupation for which she is trained or skilled and is under the regular care of a doctor.

14. Prior to becoming disabled, Roerink was a Management Support Representative ("MSR") in the Surgery Department.

15. On March 12, 2009, Roerink became disabled and was unable to perform the duties of her occupation as a MSR.

16. Roerink suffers from TIA, complex partial epilepsy, migraines, fibromyalgia, major depression in remission, lumbosacral radiculopathy, carpal tunnel syndrome, left frontal hyperintensity as result of a possible stroke, neck, shoulder, back and upper extremity pain, pelvic fracture, numbness in her upper arms, all of which

prevent her from being able to perform the material and substantial duties of any occupation for which she is suited based upon her education, training or experience.

17. Roerink continues to be totally disabled as defined by the Plan.

18. Sun Life originally denied Roerink's claim for LTD benefits on November 4, 2009, giving her the option of filing an appeal of its decision within 180 days.

19. Roerink timely appealed Sun Life's November 4, 2009 denial on July 22, 2010.

20. Roerink appealed again and Sun Life issued its final denial of Roerink's claim for LTD benefits on December 3, 2010, stating Roerink's right to bring civil action under ERISA.

21. Sun Life's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions. The denial was based upon an incomplete, biased record, directed and steered by Sun Life's own claims process, without basis in objective research, fact or analysis. Sun Life placed its financial interests ahead of Roerink's interests.

22. Sun Life's decision was affected by a conflict of interest.

23. Roerink satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

24. On information and belief, Roerink many be entitled to additional benefits from Sun Life as a disabled employee including, but not limited to, health insurance, life insurance and retirement/pension credits.

**COUNT I**

(Recovery of Plan Benefits)

25. All previous paragraphs are incorporated by reference.

26. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002. Defendants are the Plan, plan administrators or plan fiduciaries of the Plan under ERISA.

27. The Plan represents LTD coverage and a promise to provide LTD benefits until Roerink is no longer disabled under the terms of the Plan.

28. Roerink became disabled on March 12, 2009, and continues to be disabled and is unable to perform the duties of her occupation or any other gainful occupation under the terms of the Plan. She has claimed the benefits under the Plan to which she is entitled.

29. Roerink reasonably expected that her conditions met the requirements of Total Disability as defined by the Plan and that she would receive benefits under the Plan until her normal retirement age or until she was no longer disabled.

30. Despite the coverage of Roerink's disability, Sun Life has improperly denied LTD benefits to Roerink in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

31. Sun Life's determination that Roerink was not entitled to benefits was influenced by an improper conflict of interest.

32. Sun Life improperly inserted terms into the Plan that substantially altered the definition of disability under which Roerink is entitled to benefits.

33. Roerink has exhausted her administrative remedies.

34. The Defendants are not entitled to an arbitrary and capricious standard of review of their decision in this action.

35. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Roerink is entitled to recover all benefits due under the terms of the LTD Plan and the Plan, and to enforce her rights under the terms of the LTD Plan and the Plan. Roerink is further entitled, under the terms of ERISA 29 U.S.C. § 1132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan and Plan.

36. Roerink is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of her disability benefits.

37. Pursuant to 29 U.S.C. § 1132(g), Roerink is entitled to recover her attorneys' fees and costs incurred herein from Sun Life and the Plan.

38. Roerink is entitled to prejudgment interest on the benefits to which she is entitled and on her damages at the highest legal rate until paid.

**COUNT II**

(Failure to Provide Plan Documents)

39. All previous paragraphs are incorporated by reference.

40. On May 5, 2010, through counsel, Roerink requested from Sun Life copies of all "relevant documents" as that term is defined by ERISA regulations 29 C.F.R. § 2560.503-1(h)(2)(iii) and (m)(8)(ii).

41. The Plan is a relevant document and required to be produced within 30 days of a request. 29 U.S.C. § 1132(c)(1).

42. Sun Life never provided a copy of the Plan.

43. Sun Life never even disclosed the name of the Plan, the name of the plan sponsor, the name of the plan administrator, of the name of any plan fiduciary.

44. As of April 1, 2011, it will have been 331 days since the documents were requested, and 301 days since the Plan was required by statute to provide the documents.

45. Pursuant to ERISA, 29 U.S.C. § 1132(c)(1), the Plan is liable for an amount up to $110 a day from the date the Plan was obligated to provide documents until it provides them.

WHEREFORE, Roerink prays for entry of judgment against Defendants as follows:

A. For all past and future benefits under the terms of the Plan;

B. Enforcing Roerink's rights under the terms of the Plan;

    C.    A penalty in the amount of $110 per day for the each day Sun Life failed to provide the Plan documents;

    D.    Clarifying and determining Roerink's rights to future benefits under the terms of the Plan;

    E.    For an award of Roerink's attorneys' fees and costs incurred herein;

    F.    For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

    G.    For such and further relief as the Court deems just and reasonable.

Dated this 28th day of March 2011,

LAW OFFICES OF KEVIN KOELBEL, P.C

By: s/Kevin Koelbel
    Kevin Koelbel
    Attorney for Plaintiff